# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| SUPREME KING JUSTICE ALLAH, </br>     Plaintiff, | ) </br> ) </br> ) | Civil Action No. 7:14-cv-00614 |
| v. | ) </br> ) | MEMORANDUM OPINION |
| WARDEN JOHN A. WOODSON, *et al.*, </br>     Defendants. | ) </br> ) | By:    Norman K. Moon </br>          United States District Judge |

Supreme King Justice Allah, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 24, 2015, the court conditionally filed the complaint, advised Allah that the complaint presented misjoined claims, and required Allah to file a new pleading to correct this deficiency that would "stand[] by itself without reference to a complaint, attachments, or amendments already filed." The court also advised Allah that the forthcoming pleading needed to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure.

On March 30, 2015, after granting an extension of time, the court received Allah's amended complaint (ECF No. 15), filed in response to the court's order about misjoined claims. This amended complaint did not cure the deficiencies noted in the court's conditional filing order. Rather, it presents the same misjoined claims. Like the initial complaint, the amended complaint raises two claims concerning confiscation of documents from Allah's cell as contraband and a disciplinary charge Allah received for possessing those items, which officials characterized as gang material. The third claim in the amended complaint concerns a completely unrelated issue about uneven concrete slabs in the prison yard that Allah characterizes as hazardous. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Allah's amended complaint sets forth claims that are not properly joined, and I decline to choose which claims may best proceed in this action, effectively becoming Allah's counsel. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a *pro se* plaintiff). Allah received notice of the complaint's deficiencies and the opportunity to submit a pleading that, even if liberally construed, conformed to the legal requirements expected of all plaintiffs. Despite the notice and opportunity, Allah has failed to do so, in violation of the court's prior order. Accordingly, I dismiss the amended complaint due to Allah's failure to comply with a court order. Because it is possible for Allah to cure the pleading's deficiencies and continue the litigation in a future, separate action, the dismissal will be without prejudice. *See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

**ENTER**: This  4th   day of May, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE